AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

**23-MJ-3123-REID**

United States of America
v.

Viktoriia Zakirova

*Defendant*

Case No. 1:23-CR-148-CCC

FILED BY _dgj_ D.C.
Jun 7, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Viktoriia Zakirova ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Commit an Offense Against the United States
Money Laundering Conspiracy

Date: 06/02/2023

s/Stephanie Hench
*Issuing officer's signature*

City and state: Harrisburg, PA

Stephanie Hench, deputy clerk
*Printed name and title*

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:23-CR-*148* |
| | : | |
| v. | : | |
| | : | (Judge *Conner*) |
| ANTON PANIN, | : | |
| JENNIE LAWSON, | : | |
| TRACEY LAWSON, and | : | |
| VIKTORIIA ZAKIROVA, | : | |
| | : | |
| Defendants. | : | Filed under seal |

**INDICTMENT**

FILED
HARRISBURG, PA
JUN 0 2 2023
PER ___*SH*___
DEPUTY CLERK

THE GRAND JURY CHARGES:

**COUNT 1**
18 U.S.C. § 371
(Conspiracy to Commit an Offense Against the United States)

I.  **Background**

At times material to this Indictment:

1. XO Companions—which was also known as XOC—was a commercial prostitution enterprise operated by ANTON PANIN, JENNIE LAWSON, TRACEY LAWSON, VIKTORIIA ZAKIROVA, and others known and unknown to the grand jury.

2. PANIN resided in the Southern District of Florida.

3. JENNIE LAWSON and TRACEY LAWSON resided in the Middle District of Pennsylvania.

4. ZAKIROVA resided outside of the United States and later relocated to the Southern District of Florida.

## II. The Conspiracy

5. From in or about 2016, and continuing through on or about the date of this Indictment, in the Middle District of Pennsylvania and elsewhere, the defendants,

**ANTON PANIN, JENNIE LAWSON, TRACEY LAWSON, and VIKTORIIA ZAKIROVA,**

did unlawfully, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other, and with other individuals both known and unknown to the grand jury, to commit offenses against the United States: that is, to knowingly transport any individual in interstate and foreign commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421(a); and to knowingly persuade, induce, entice, and coerce any individual to travel in interstate and foreign commerce to

engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

## III. Manner and Means

It was part of the conspiracy that:

6. PANIN and ZAKIROVA recruited women in Russia and Eastern European countries to travel to the United States to work as prostitutes. In their communications with women they recruited, PANIN frequently used the name Mark, and ZAKIROVA frequently used the name Sonya.

7. PANIN and ZAKIROVA arranged for and paid in part for women to travel from Russia and Eastern European countries to the United States to work as prostitutes for XO Companions.

8. Women recruited by PANIN and ZAKIROVA often concealed their participation in sex work when applying for visas to travel to the United States.

9. The defendants maintained and operated a password-protected website for XO Companions through which customers could view prostitutes' schedules, view the services prostitutes offered,

reserve time with prostitutes, and provide reviews based on their interactions with prostitutes.

10. Through the website as well as messaging applications, JENNIE LAWSON and TRACEY LAWSON scheduled times for XO Companions customers to meet prostitutes, frequently at hotels in and near major cities throughout the United States.

11. JENNIE LAWSON and TRACEY LAWSON communicated with prostitutes for XO Companions regarding scheduling appointments with XO Companions customers.

12. The defendants arranged for and paid in part for hotel rooms in the United States for XO Companions prostitutes to meet and have sex with XO Companions customers.

13. While in the United States working as prostitutes for XO Companions, women frequently traveled to multiple states to meet with XO Companions customers in each state. The defendants often arranged for and paid for that travel.

14. PANIN instructed women who worked as prostitutes for XO Companions to send the cash prostitution proceeds to JENNIE LAWSON and TRACEY LAWSON at their residences in the Middle

District of Pennsylvania. Those instructions often included directions for how to package the proceeds, including purchasing a toy, game, or puzzle, putting the proceeds in the toy, game, or puzzle box, and putting the toy, game, or puzzle box in a larger shipping package. The instructions also often included listing the package recipient as someone other than JENNIE LAWSON and TRACEY LAWSON.

15. From their residences in the Middle District of Pennsylvania, JENNIE LAWSON and TRACEY LAWSON transported prostitution proceeds they received from XO Companions prostitutes to PANIN in Florida. JENNIE LAWSON and TRACEY LAWSON often rented a vehicle in the Mid-Atlantic region, drove the vehicle to Florida, provided the prostitution proceeds to PANIN, and then returned to the Mid-Atlantic region by air. TRACEY LAWSON also shipped prostitution proceeds to PANIN.

## IV. Overt Acts

In furtherance of the conspiracy, and to effect the objects of the conspiracy, PANIN, JENNIE LAWSON, TRACEY LAWSON, and ZAKIROVA committed and caused to be committed the following overt acts in the Middle District of Pennsylvania and elsewhere:

5

16. In or about July 2018, TRACEY LAWSON drove a rental vehicle from the area of her residence in Pennsylvania to a location near PANIN's residence in Florida and delivered to PANIN prostitution proceeds. TRACEY LAWSON returned to the Mid-Atlantic region by air.

17. In or about January 2019, ZAKIROVA sent Person #1 information to convince Person #1 to travel to the United States to work as a prostitute for XO Companions.

18. In or about May 2019, PANIN directed Person #1 to travel from New York to a hotel in New Jersey for the purpose of having sex with XO Companions customers.

19. In or about May 2019, an XO Companions prostitute sent approximately $5,800 in prostitution proceeds from Massachusetts to TRACEY LAWSON's residence in a package addressed to Travis Larson.

20. In or about August 2019, an XO Companions prostitute sent approximately $7,820 in prostitution proceeds from Virginia to JENNIE LAWSON's residence in a package addressed to Jenni Lowaska.

21. In or about July 2020, an XO Companions prostitute sent approximately $5,800 in prostitution proceeds to TRACEY LAWSON's residence in a package addressed to Travis Larson.

22. In or about July 2020, ZAKIROVA sent Person #2 information to convince Person #2 to travel to the United States to work as a prostitute for XO Companions.

23. In or about August 2020, an XO Companions prostitute sent approximately $11,340 in prostitution proceeds from Pennsylvania to JENNIE LAWSON's residence in a package addressed to William Lasron.

24. In or about September 2020, a coconspirator paid a portion of Person #2's airfare for her to travel to the United States to work as a prostitute for XO Companions.

25. In or about September 2020, PANIN provided Person #2 with a booking for a hotel in the United States and directed her to travel to the hotel for the purpose of having sex with XO Companions customers.

26. In or about February 2021, an XO Companions prostitute sent prostitution proceeds to TRACEY LAWSON's residence in a package addressed to Travis Lasran.

27. In or about March 2021, TRACEY LAWSON sent approximately $28,640 in prostitution proceeds to PANIN.

28. In or about March 2022, JENNIE LAWSON drove a rental vehicle from the area of her residence in Pennsylvania to a location near PANIN's residence in Florida and delivered to PANIN approximately $32,800 in prostitution proceeds. JENNIE LAWSON returned to the Mid-Atlantic region by air.

In violation of Title 18, United States Code, Section 371.

THE GRAND JURY FURTHER CHARGES:

**COUNT 2**
18 U.S.C. § 1956(h)
(Money Laundering Conspiracy)

29. Paragraphs 1 through 4 and 6 through 28 are incorporated here.

30. From in or about 2018 and continuing through on or about the date of this Indictment, in the Middle District of Pennsylvania and elsewhere, the defendants,

**ANTON PANIN, JENNIE LAWSON, and TRACEY LAWSON,**

did knowingly combine, conspire, and agree with each other, and with other individuals both known and unknown to the grand jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, that is: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, violations of Title 18, United States Code, Sections 2421(a) (transportation to engage in prostitution) and 2422(a) (coercion and enticement), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of

unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

THE GRAND JURY FURTHER CHARGES:

## COUNTS 3 through 7
18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)

31. Paragraphs 1 through 4 and 6 through 28 are incorporated here.

32. On or about each of the dates set forth below, in the Middle District of Pennsylvania and elsewhere, the defendants,

**ANTON PANIN, JENNIE LAWSON, and TRACEY LAWSON**

did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is violations of Title 18, United States Code, Sections 2421(a) (transportation to engage in prostitution) and 2422(a) (coercion and enticement), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

10

said specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

| COUNT | DATE | TRANSACTION |
|---|---|---|
| 3 | 5/28/2019 | Shipment of $5,800 in U.S. currency from Massachusetts to Pennsylvania |
| 4 | 8/13/2019 | Shipment of $7,820 in U.S. currency from Virginia to Pennsylvania |
| 5 | 8/5/2020 | Shipment of $11,340 in U.S. currency between two Pennsylvania locations |
| 6 | 3/2/2021 | Shipment of $28,640 in U.S. currency from Pennsylvania and intended for Florida |
| 7 | 3/28/2022 | Delivery of approximately $32,800 from Pennsylvania to Florida |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461, and

11

Title 18, United States Code, Section 982.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 1956, the defendants,

**ANTON PANIN, JENNIE LAWSON, TRACEY LAWSON, and VIKTORIIA ZAKIROVA,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and any property, real or personal, involved in such offenses, or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982.

A TRUE BILL

GERARD M. KARAM
United States Attorney

_____
FOREPERSON

_____
CARLO D. MARCHIOLI
Assistant United States Attorney

6/2/2023
Date